IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRYANT DELMAR WILSON; TANISHA JANEEN WILSON, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR GINNIE MAE REMIC TRUST 2009-032; CITIMORTGAGE, Inc., <br><br> Defendants. | Civ. No. 18-00048 JMS-KSC <br><br> ORDER GRANTING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS, ECF NO. 9, WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS, ECF NO. 9, WITH LEAVE TO AMEND**

**I. INTRODUCTION**

Plaintiffs Bryant Delmar Wilson and Tanisha Janeen Wilson ("Plaintiffs") have filed a multicount Complaint that appears to allege wrongful conduct regarding a mortgage loan Plaintiffs obtained on certain property in Kapolei, Hawaii ("the Property"). Defendant CitiMortgage, Inc. ("CitiMortgage") has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). For the following reasons, the Motion is GRANTED; Plaintiffs are granted leave to file an Amended Complaint in compliance with this decision no later than June 20, 2018.

## II. BACKGROUND

A. **Factual Background**

Plaintiffs allege that they obtained a home mortgage loan on the Property in 2009 from Home Savings of America Corporation. *See* Compl. ¶ 11, ECF No. 1. They identify Defendant CitiMortgage as the "present servicer" on the loan, although they also refer to the mortgage deed and note as having been "originated by [CitiMortgage,]" and they assert that "Federal National Mortgage Corporation was the successor in interest to [CitiMortgage]." *Id.* ¶¶ 6, 12, 41. Their precise allegations regarding the loan are unclear, but they suggest that they were not qualified for the loan when they obtained it, that they attempted to modify the loan in 2011 and 2012 (and perhaps later), and that they were not properly notified when the loan was purchased on one or more occasions. *Id.* ¶¶ 16, 38-39. They also allege that they were "forced, tricked, and mislead [(sic)]into parting with their property." *Id.* ¶ 77. Reading between the lines of the Complaint, the court surmises that the Property may have been or may now be the subject of a foreclosure action. But the Complaint includes no details about any such proceedings.[1]

---

[1] At the hearing, counsel for CitiMortgage stated that no foreclosure proceeding is pending.

The bulk of Plaintiffs' factual allegations are simply indecipherable. They appear to be mostly lengthy excerpts from an unattached "forensic audit . . . performed on the property." *Id.* ¶ 12. The author of this "audit" apparently opined that he found "indicia of deception and fraud" and a cloud on "the chain of title on the . . . mortgage deed" caused by CitiMortgage's use of "deception and fraudulent assignments to conceal the transfer history and identities of hidden investors." *Id.*; *see also id.* ¶¶ 12-41. The final numbered paragraph of the "general allegations" comprises approximately eight pages of what appear to be merely quotations from decisions in unrelated court cases involving unrelated parties. *Id.* ¶ 42.

**B.     Procedural Background**

Plaintiffs filed their Complaint on February 2, 2018. ECF No. 1. They allege eleven counts labeled as follows: (1) "Lack of Standing/Wrongful Attempt to Foreclosure," (2) "Fraud in the Concealment," (3) "Fraud in the Inducement," (4) "Unconscionable Contract," (5) "Breach of Contract," (6) "Breach of Fiduciary Duty," (7) "Quiet Title," (8) "Slander of Title," (9) "Declaratory Relief," (10) "CCPA," and (11) "Violation of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)." ECF No. 1 (emphasis omitted). Defendant CitiMortgage filed its Motion to Dismiss on

February 27, 2018, ECF No. 9, and this court set a due date of April 15, 2018 for Plaintiffs' Opposition.[2] ECF No. 8.

When no Opposition was filed by that date, this court ordered Plaintiffs to file a written response by May 3, 2018, stating whether they intended to oppose the Motion to Dismiss and if so, why they failed to meet the April 15, 2018 deadline. ECF No. 16. No such response or Opposition was filed before the hearing, but the court accepted Plaintiffs' written Opposition submitted and filed at the hearing. ECF No. 19.

A hearing was held on May 8, 2018.

### III. STANDARDS OF REVIEW

**A. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

---

[2] On March 22, 2018, Plaintiffs filed a Motion requesting additional time to respond and leave to amend. ECF No. 13. Because the new due date that the Plaintiffs requested was actually *before* the April 15 due date, however, the court denied the motion as moot. ECF No. 14.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

The court liberally construes pro se pleadings. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995).

**B.     Federal Rule of Civil Procedure 8**

Dismissal may also be warranted for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Further, it requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

**C.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir.1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.* (citation and quotation signals omitted). Where there

6

are multiple defendants, Plaintiffs cannot "lump multiple defendants together" but instead must "differentiate their allegations [between defendants]." *Destfino v. Reiswig,* 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enters.,* 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

///

///

## IV. **DISCUSSION**

A. **Counts One, Seven, and Nine: "Lack of Standing/Wrongful Attempt to Foreclosure," "Quiet Title," and "Declaratory Relief"**

Although numbered separately, these Counts contain overlapping allegations. Plaintiffs assert in Count One that "[n]o Defendant [h]as [s]tanding to [f]oreclose." Compl. ¶ 43 (emphasis omitted). They request that the court make certain findings, including that "the purported power of sale contained in the Deed of Trust is a nullity" and that "any attempted sale of the Real Property is 'unlawful and void.'" *Id*. ¶ 45. Plaintiffs also assert that "Defendants . . . claim the right to illegally commence foreclosure sale of Plaintiff's Real Property under the Mortgage/Deed of Trust . . . via an *in Rem* action supported by false or fraudulent documents," and they claim that "[s]aid unlawful foreclosure action has caused and continues to cause Plaintiff's (sic) great and irreparable injury in that Real Property is unique." *Id*. ¶ 54. They request "injunctive relief prayed for below," which relief is requested in Count Seven.[3] *Id*. ¶ 56.

---

[3] Plaintiffs also include multiple allegations in Count One regarding "Defendant MERS." S*ee id*. ¶¶ 46-53. "MERS," commonly used to refer to the Mortgage Electronic Registration System, is neither named in the caption as a defendant nor listed under the heading "PARTIES." If Plaintiffs intend to name MERS as a defendant in an amended complaint, they should name MERS in the caption.

In Count Seven, "Quiet Title," Plaintiffs assert that "Defendants named herein" claim an interest or right to the Property, claim to be "owner of the note secured by the Mortgage/Deed of Trust" and "owner of Tangible Note secured by the Mortgage/Deed of Trust," and they assert that such claims "constitute a cloud on Plaintiff's title." *Id.* ¶¶ 95-96, 98. They request a "decree permanently enjoin[ing] defendants . . . and all persons claiming under them, from asserting any adverse claim to Plaintiff's title to the property . . . ." *Id.* ¶ 100.

In Count Nine, Plaintiffs assert they "should be the equitable owner of the Subject Property," and they describe their requested relief as follows:

> Plaintiff seeks to quiet title as of the date of the filing of this Complaint. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title, or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights.

*Id.* ¶ 113.

Read together or separately, these Counts fail to state a claim upon which relief can be granted. First, there is no such thing as a claim for "lack of standing." *See Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1143 (D. Haw. 2011) ("[A] claim for 'lack of standing' makes no sense against a defendant. Rather, standing is a requirement for a plaintiff in order to proceed in a lawsuit.").

9

And as noted above, Plaintiffs have not alleged any details about a pending or completed foreclosure proceeding, nor any specific allegedly wrongful conduct on the part of Defendants regarding such proceedings.

Nor have Plaintiffs stated a cognizable claim to quiet title to the Property or otherwise declare that Defendants have no interest in it. "[I]n order to assert a claim for 'quiet title' against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness." *Id.*; *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d. 952, 975 (N.D. Cal. 2010) ("A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" (quoting *Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009))). Plaintiffs allege later in the Complaint that "Defendant Ginnie Mae was paid in full for their Accommodated capacity to the Tangible Note and Mortgage/Deed of Trust when it sold and relinquished its interest in the Plaintiff's real property to Ginnie Mae (Depositor)." Compl. ¶ 87. But this allegation is nonsensical, and the court cannot construe it as an assertion that Plaintiffs have satisfied their mortgage debt.

Accordingly, Counts One, Seven, and Nine of the Complaint are DISMISSED with leave to amend. Plaintiffs may clarify their assertions with

regard to any foreclosure proceedings and, if factually possible, may also allege a claim for quiet title; they may not, however, assert a claim titled "Lack of Standing."

**B.      Counts Two and Three: "Fraud in the Concealment" and "Fraud in the Inducement"**

Here again, Plaintiffs' statements are simply too vague and confusing for the court to determine what claims they are attempting to allege. For example, in Count Two, they make the following allegations regarding concealment:

- Defendant Fannie Mae concealed the fact that they were not a Federal Reserve Depository Bank.

- Defendant GINNIE MAE concealed a third-party sponsor Bank warehouse lender as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions.

- By concealing the securitization, the true character of the purported loan in this way had a materially negative effect on Plaintiff that was known by GINNIE MAE but not disclosed.

Complaint ¶ 59.[4] They make various vague and conclusory statements about having been misled in unnamed transactions, and they also claim that "at the original closing on 07/07/04 both Plaintiff's signatures were forged on the original note." *Id.* ¶ 62.

---

[4] The court assumes that by "Ginnie Mae" Plaintiffs mean Defendant Government National Mortgage Association ("GNMA"). It is unclear whether Plaintiffs' reference to "Fannie Mae" is a typographical error, as "Fannie Mae" is not a Defendant in this case.

Count Three is no clearer. Plaintiffs allege that Defendants "misrepresented" their interest in the Property and their right to "exercise the power of sale provision contained in the Mortgage/Deed of Trust." *Id*. ¶¶ 69-70. They also allege that "material misrepresentations were made . . . with the intent . . . to induce the Plaintiff to submit to the foreclosure on the Real Property as opposed to recovering from predecessors in the § 1031 — Exchange on the Payment Intangible Obligation." *Id*. ¶ 72.

But in neither of these Counts have Plaintiffs come close to the level of specificity described above that is required to plead fraud. Counts Two and Three are therefore DISMISSED with leave to amend to allege specifically what each Defendant did, said, or concealed, and when they did so. Plaintiffs must also allege how those statements, actions, or omissions harmed Plaintiffs.

C. **Counts Four, Five, and Six: "Unconscionable Contract," "Breach of Contract," and "Breach of Fiduciary Duty"**

In Count Four, Plaintiffs make various allegations against "Defendant Ginnie Mae" ("GNMA") regarding the "origination of the purported loan," although it is unclear what role GNMA played in that process. Plaintiffs appear to claim that they were not appropriately qualified for the loan, that GNMA failed to disclose its role in the loan process as well as other information regarding the loan, and that GNMA otherwise took advantage of or exploited them. Compl. ¶¶ 76-83.

12

Unconscionability, however, is not an independent cause of action; rather, it is generally a defense to an action to enforce a contract. *See Ragan v. Fin. Am.*, LLC, 2011 WL 2457656, at *3 (D. Haw. 2011). And "'a determination of unconscionability . . . requires a showing that the contract was both procedurally and substantively unconscionable when made,' but there may be 'exceptional cases where a provision of the contract is so outrageous as to warrant holding it unenforeceable on the ground of substantive unconscionability alone.'" *Balogh v. Balogh*, 134 Haw. 29, 41, 332 P.3d 631, 643 (2014) (quoting *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E. 2d 824, 828-29 (1988)). Allegations that fail to permit an inference of "[o]ne sidedness (i.e., substantive unconscionability)" or "[u]nfair surprise (i.e., procedural unconscionability)," *id.*, are thus insufficient.

Here, Plaintiffs have failed to clearly allege what contract their allegations relate to, and they have failed to allege any facts that permit a plausible inference of unconscionability. In Counts Five and Six, Plaintiffs contend that GNMA and other Defendants breached a fiduciary duty to the Plaintiffs and breached the release provisions in the Mortgage/Deed. They allege in Count Five that "Defendant [GNMA] failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Mortgage/Deed of Trust." *Id*. ¶ 88. And in count Six, they allege that GNMA "failed to meet their fiduciary duty to satisfy, release and reconvey the Real Property Lien Deed of

13

Trust and the beneficial security interest (personal property) therein after receiving payment for all sums represented as the service release premium." *Id.* ¶ 92.

But it is a "well-settled proposition that generally a borrower-lender relationship is not fiduciary in nature." *Ramos*, 810 F. Supp. 2d at 1140; *see also McCarty v. GCP Mgmt., LLC*, 2010 WL 4812763, at *5 (D. Haw. Nov. 17, 2010) (collecting cases). Further, Plaintiffs have not clearly alleged the terms of the release provisions, let alone any facts allowing an inference that such terms were breached. Therefore, Counts Four, Five, and Six are DISMISSED. Count Six ("Breach of Fiduciary Duty") is DISMISSED with prejudice. Plaintiffs are granted leave to amend the Complaint to clarify their allegations regarding any breach of contract and any allegations of unconscionability relevant to such a claim. Plaintiffs may not, however, include a separate cause of action for unconscionability.

### D. Count Eight: "Slander of Title"

Hawaii has adopted the following elements for the common-law tort of slander of title:

> (1) ownership of or interest in the property by the plaintiff; (2) falsity of the words published; (3) malice of the defendant in publishing the false statements; (4) publication to some person other than the owner (5) publication in disparagement of plaintiff's property or the title to it; and (6) special damages proximately resulting from such publication.

14

*Isobe v. Sakatani*, 127 Haw. 368, 377-78, 279 P.3d 33, 42-43 (Ct. App. 2012). And Hawaii law includes a two-year statute of limitation for "[a]ll actions for libel or slander." Haw. Rev. Stat. § 657-4.

Plaintiffs' allegations that an "Assignment of Deed of Trust [was recorded] into the Official Records of the Bureau of Conveyances in the State of Hawaii," *see* Compl. ¶ 110, and that Defendants "withheld" certain facts, *see id.* ¶¶ 104-106, fall clearly short of alleging a plausible claim for slander of title.

Moreover, the date of the alleged recording, September 12, 2014, suggests that any claim they might be able to support factually would be time barred. Nonetheless, the court DISMISSES Count Eight with leave to amend should Plaintiffs be able to overcome these shortcomings.

### E. Counts Ten and Eleven: "CCPA" and "Violation of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)"

Although these Counts are unclear, the court understands them to assert claims under the Truth in Lending Act, § 1601, et. seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617.

As pled, Counts Ten and Eleven fail to state a claim upon which relief can be granted because Plaintiffs have not alleged facts allowing a reasonable inference of liability. Moreover, based on what factual allegations are included in the Complaint, Plaintiffs' claims may be time barred.

Counts Ten and Eleven are DISMISSED with leave to amend.

## V. <u>CONCLUSION</u>

CitiMortgage's Motion to Dismiss is GRANTED, and the Complaint is DISMISSED with leave to amend as described above. The dismissal also applies to other Defendants who have not appeared.[5]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 18, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Wilson v. Gov't Nat'l Mortg. Assoc.*, Civ. No. 18-00048 JMS-KSC, Order Granting Defendant CitiMortgage, Inc.'s Motion to Dismiss, ECF No. 9, with Leave to Amend

---

[5] The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). The court applies this standard and dismisses GNMA as well.